IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| NORDOCK, INC. | ) | |
| | ) | CIVIL ACTION NO. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SYSTEMS, INC. | ) | **JURY DEMAND** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**Nature and Statutory Basis of Action**

1.    This is an action for patent infringement and unfair competition.

**Parties**

2.    Plaintiff, Nordock, Inc. ("NORDOCK") is a Canadian corporation with a place of business at 405 Lake Road, Bowmanville, Ontario, Canada.

3.    Defendant, Systems, Inc. ("SYSTEMS") is a Wisconsin corporation having a place of business at W194 N11481 McCormick Drive, Germantown, WI 53022.  Defendant also does business under the names, PoweRamp, DLM and McGuire.

**Jurisdiction and Venue**

4.    Subject matter jurisdiction over this Complaint is expressly conferred on this Court under 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1332 and 1338 as it involves matters of federal patent and unfair competition law. With respect to §1332, the amount in controversy is believed to exceed $75,000 exclusive of interest and costs.

5.    Personal jurisdiction is conferred upon this Court in that Defendant, SYSTEMS, has a place of business in Wisconsin and this District and conducts business by making, offering

to sell, and/or selling dock levelers that infringe on a NORDOCK patent and unfairly compete with NORDOCK within the State of Wisconsin and this District.

6. Venue is proper under 28 U.S.C. §1391 and 1400(b). At all times material, the Defendant has been conducting business within the State of Wisconsin and this District and the claims of patent infringement and unfair competition arose in this District.

**Statement of Relevant Facts**

7. NORDOCK is engaged in the businesses of designing, manufacturing and selling high quality dock levelers. These dock levelers include a deck and lip assembly that bridges the gap between a loading dock and a trailer.

8. Conventional dock levelers secure the lip to the deck in a variety of ways using a variety of components and a variety of component shapes and arrangements. These lip-to-deck securing arrangements allow the lip to swing out to engage a trailer bed, and to hang pendant when the leveler is in its stored position.

9. In the early 2000s, NORDOCK developed its "Industrial" and "Dual Duty" Series dock levelers with unique and distinctive lip lug and header plate designs. Copies of NORDOCK's marketing literature showing these levelers are attached as **Exhibit A**. The distinctive lip lug and header or hinge plate design is a standard feature on each of these levelers. NORDOCK also developed its "Heavy Duty," "Super-Duty," "Airdock" and "Coldstorage" Series levelers which include modified versions of the lip lug and hinge plate designs. The modified lip lug and hinge plate designs are also a standard feature on each of these levelers.

10. Each NORDOCK lip lug and hinge plate design is prominently and visibly located at the front of the leveler, and is visible during use and when the leveler is in its stored or home positions.

11. NORDOCK filed for and was granted U.S. Design Patent No. D579,754 ("the '754 Patent") for its ornamental lip lug and hinge plate design. A copy is attached as **Exhibit B**.

12.     NORDOCK has extensively advertised its distinctive lip lug and header plate designs for its Industrial and Dual-Duty Series levelers.  Advertising prominently displays these distinctive and recognized designs.  NORDOCK has also extensively advertised its distinctive lip lug and hinge plate designs for its Heavy Duty Series, Super-Duty Series, Airdock Series and Coldstorage Series levelers.

13.     NORDOCK's Industrial Series and Dual-Duty Series levelers have met with commercial success.  NORDOCK's Heavy Duty Series, Super-Duty Series, Airdock Series and Coldstorage Series levelers have also met with commercial success.

14.      Through NORDOCK's extensive advertising and high standard of quality, customers have come to associate NORDOCK's  lip lug and hinge plate designs for its Industrial and Dual-Duty Series levelers as shown and covered by its '754 Patent with NOROCK and its dock levelers. Customers have also come to associate NORDOCK's Heavy Duty, Super-Duty, Airdock and Coldstorage Series levelers with NOROCK and its dock levelers.

15.     SYSTEMS, without authorization by NORDOCK, started making, advertising and selling LMP, LHP, LMD and LHD Series dock levelers with a lip lug and hinge plate design covered by NORDOCK's '754 Patent, and mimicking NORDOCK's Industrial and Dual-Duty lip lug and hinge plate designs.  Copies of Defendant's marketing literature showing its infringing LMP, LHP, LMD and LHD Series dock levelers are attached as **Exhibit C**.

16.     NORDOCK wrote SYSTEMS to advise that its dock leveler infringe NORDOCK's '754 Patent and lip lug and hinge plate designs.

17.     Yet, even after NORDOCK's written notice, SYSTEMS continues to make and sell its infringing LMP, LHP, LMD and LHD Series dock leveler, and on information and belief, has not changed the lip lug and hinge plate design of its infringing dock levelers.

## COUNT I
## PATENT INFRINGEMENT

18.     As a complete and first ground for relief, NORDOCK hereby charges Defendant with patent infringement under 35 U.S.C. §271, and realleges paragraph 1-17 of this Complaint.

19.     United States Design Patent No. D579,754 (the '754 Patent) duly and legally issued on November 4, 2008 by the United States Patent and Trademark Office. (**Exhibit B**). NORDOCK owns all right, title and interest to its '754 Patent and has the right to sue for infringement thereof.

20.     NORDOCK's lip lug and hinge plate design covered by the '754 Patent has met with commercial success.  NORDOCK sells dock levelers with a lip lug hinge plate designs covered by the '754 Patent, and has marked these dock levelers with the Patent No. D579,754 by affixing the patent number to the dock leveler.

21.     Defendant has been infringing the '754 Patent by making, offering for sale, and selling dock levelers, such as its LMP, LHP, LMD and LHD Series dock levelers, with a lip lug and hinge plate design embodying the design shown in the '754 Patent in this judicial district and elsewhere in the United States, and will continue to infringe the '754 Patent unless enjoined by this Court.

22.     The infringement by Defendant has been done and will continue to be done willfully, wantonly and in bad faith.

23.     As a direct and proximate result of the infringement by Defendant, NORDOCK has suffered monetary damages.

24.     Defendant will, unless preliminarily and permanently enjoined, continue to engage in the aforementioned acts, which will cause irreparable damage to NORDOCK.  Further, unless such acts are enjoined, NORDOCK will have no remedy at law to compel Defendant to cease such infringing acts.

- 4 -

## COUNT II
## FEDERAL UNFAIR COMPETITION

25.     As a complete and second ground for relief, NORDOCK hereby charges federal

unfair competition under 15 U.S.C. §1125(a), and realleges paragraph 1-24 of this Complaint.

26.     Since its formation, NORDOCK has become a leader in the dock leveler trade

because of the superior quality of its dock levelers such as its Industrial and Dual-Duty Series

dock levelers.

27.     By reason of NORDOCK's extensive display, promotion, advertising, distribution

and sale of its Industrial and Dual-Duty Series dock levelers, the distinctive configuration and

appearance of NORDOCK's lip lug and header plate designs for these dock levelers have come

to be recognized in the trade and the public as distinguishing NORDOCK's dock levelers from

those of its competitors.  The favorable recognition in the trade and the public of NORDOCK'

distinctive designs have resulted in the establishment of valuable good will.

28.     By reason of NORDOCK's extensive display, promotion, advertising, distribution

and sale of its Industrial and Dual-Duty Series dock levelers, the trade and public have come to

recognize that dock levelers with these distinctive lip lug and header plate configurations have a

consistent and high standard of quality, and have their origin exclusively with NORDOCK or as

being sponsored or endorsed by or affiliated with NORDOCK.

29.     Without NORDOCK's authorization or consent, Defendant has adopted lip lug

and header plate configurations for its LMP, LHP, LMD and LHD Series dock levelers that are

substantially and confusingly similar to NORDOCK's lip lug and header plate designs, so as to

cause a misappropriation of a distinguishing and identifying symbol or device of NORDOCK

created by substantial effort and expense of NORDOCK.  NORDOCK's lip lug and header plate

designs, as used by Defendant, evoke an immediate, favorable commercial impression or

association from the trade and public derived by NORDOCK's extensive use of and resulting

- 5 -

good will attributable to its lip lug and header plate designs, and constitutes a false representation by Defendant that its dock levelers have some connection, association or affiliation with NORDOCK or sponsorship by NORDOCK, or that dock levelers identified with NORDOCK by such lip lug and header plate designs are available from Defendant.

30.    Such false representations made by Defendant in selling and/or offering to sell its dock levelers in interstate commerce, have caused or are likely to cause confusion, mistake or deception among the public, in violation of §43(a) of the Lanham Act (15 U.S.C. §1125(a)).

31.    SYSTEMS is purposely and intentionally causing confusion, mistake, and deception in the trade and relevant viewing public as to the origin, sponsorship or approval of its dock levelers.  Persons viewing the SYSTEMS' LMP, LHP, LMD and LHD Series dock levelers will mistakenly or confusingly believe that they originate from or are affiliated with NORDOCK or are endorsed, sponsored or approved by NORDOCK.

32.    Yet, when compared to NORDOCK's Industrial Series and Dual-Duty Series dock levelers, SYSTEMS' LMP, LHP, LMD and LHD Series dock levelers have features that are of substandard design or workmanship.  Accordingly, SYSTEMS' unauthorized adoption of NORDOCK's distinctive lip lug and header plate designs has resulted in confusion by the public and those in the trade.  For example, not realizing that SYSTEMS has begun selling levelers with NORDOCK's distinctive lip lug and header plate designs, the public and those in the trade are confused as to why levelers (produced by SYSTEMS) with NORDOCK's distinctive lip lug and header plate designs are unsatisfactory and of inferior quality.

33.    As a direct and proximate result of Defendant's unfair competition, NORDOCK has been injured and suffered monetary damages by the diversion of sales to Defendant and/or by diminishing and destroying NORDOCK's good will in the trade and with the public.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

34. As a complete and third ground for relief, NORDOCK hereby charges Defendant with common law unfair competition, and realleges paragraph 1-33 of this Complaint.

35. On information and belief, SYSTEMS has by careful and considered planning, intentionally made, advertised and sold dock levelers incorporating NORDOCK's lip lug and header plate configurations so as to confuse and deceive purchasers and potential purchasers and to obtain acceptance of Defendant's dock levelers based on the merit, reputation and good will of NORDOCK and its high quality Industrial Series and Dual-Duty Series dock levelers, as well as its Heavy Duty Series, Super-Duty Series, Airdock Series and Coldstorage Series levelers.

36. These acts constitute an attempt by Defendant to pass off its products on the public as those made and sold by NORDOCK and a misappropriation and exploitation of the valuable property rights and good will of NORDOCK in its distinctive lip lug and header plate configurations. As a result of such misappropriation, NORDOCK will suffer irreparable injury to its property and good will, including destruction of the business value of NORDOCK's own advertising promotions displaying its distinctive lip lug and header or hinge plate design, and Defendants will be unjustly enriched thereby.


## COUNT IV
## UNFAIR METHODS OF COMPETITION AND
## UNFAIR OR DECEPTIVE ACTS OR PRACTICE

37. As a complete and fourth ground for relief, NORDOCK hereby charges Defendant with unfair methods of competition and unfair, deceptive or misleading acts or practices in violation of the Consumer Protection Acts , enacted by the several states, including Wisconsin Statute §§100.18 and 100.20, and realleges paragraph 1-36 of this Complaint.

38.     SYSTEM's adoption and use of NORDOCK's lip lug and hinge plate design was unfair, deceptive and misleading, occurred in commerce, directly resulted in injury to NORDOCK's business and property rights, and for the forgoing reason has impacted the public interest, in violation of the Consumer Protection Acts , enacted by the several states, including Wis. Stat. §§100.18 and 100.20.

## REQUEST FOR RELIEF

Plaintiff, NORDOCK, requests the following relief:

1.     Judgment that U.S. Design Patent No. D579,754 is valid and the property of NORDOCK.

2.     Judgment that the overall arrangement and configuration of NORDOCK's lip lug and hinge plate design is non-functional under design patent and unfair competition law given the variety of alternative lip securing arrangements and configurations available to secure a lip to the deck of a dock leveler.

3.     Judgment that Defendant infringed NORDOCK's '754 Patent by making and selling LMP, LHP, LMD and LHD Series dock levelers with a lip lug and hinge plate that embody NORDOCK's '754 Patent.

4.     Judgment that SYSTEMS engaged in unfair competition when it took NORDOCK's Industrial and Dual-Duty lip lug and header plate designs and incorporated those designs or substantially similar designs into SYSTEMS' LMP, LHP, LMD and LHD Series dock levelers.

5.     That pursuant to 35 U.S.C. §283 and Defendant's engaging in unfair competition, Defendant be preliminarily and permanently enjoined from directly or indirectly making, having made, using, selling or importing dock levelers with a lip lug and header or hinge plate having an appearance similar to the '754 Patent and/or NORDOCK's lip lug and hinge plate designs in its

- 8 -

Industrial and Dual-Duty Series levelers, or developing new leveler designs that misappropriate the lip lug and header plate configurations of NORDOCK's Heavy Duty Series, Super-Duty Series, Airdock Series and Coldstorage Series levelers.

6.    That Defendant be required to revise its advertisements and web site to remove all reference to dock levelers with a lip lug and hinge plate having an appearance similar to the '754 Patent.

7.    That pursuant to 35 U.S.C. §284 and Defendant's engaging in unfair competition, an accounting be held and judgment rendered against Defendant:

a)    for all lost profits incurred by NORDOCK due to the unauthorized sale or use of the infringing products and unfair competition, or in the alternative, at least a reasonable royalty,

b)    for actual damages sustained by NORDOCK on account of Defendant's infringement of the '754 Patent and unfair competition, including any price erosion, and

c)    that damages be trebled in view of the flagrant and willful character of Defendant's infringement and unfair competition.

8.    For an assessment against Defendant of the prejudgment and post judgment interest on profits, royalties and damages.

9.    That pursuant to 35 U.S.C. §285 and Defendant's intentionally and willfully engaging in unfair competition, this case be found exceptional, and reasonable attorney's fees and costs, and interest on those fees and costs, be awarded NORDOCK.

10.    Judgment that Defendant and its officers, agents, servants and employees and all those acting in concert or participation with them, are enjoined from unfairly competing with NORDOCK by using NORDOCK's lip lug and header or hinge plate designs in a dock leveler.

11.    For such other and further relief as this Court may deem just and proper.

Dated:  January 28, 2011

Respectfully submitted,

JEFFREY S. SOKOL (S.B. No. 1011546)
Sokol Law Office
828 N. Broadway, Suite 400
Milwaukee, Wisconsin 53202
414-272-7200
Attorney for Plaintiff Nordock, Inc.