# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NORDOCK INC.,**

        **Plaintiff,**

v.                                Case No. 11-C-118

**SYSTEMS INC.**

        **Defendant.**

# ORDER

Pursuant to General Local Rule 79(d), Plaintiff Nordock Inc. ("Nordock") has filed a motion to seal its opposition to Defendant Systems, Inc.'s ("Systems") Civil Local Rule 7(h) expedited non-dispositive motion to show cause and for sanctions. Nordock's opposition consists of a memorandum, a declaration of its attorney, and exhibits A through M.

As grounds for its motion, Nordock notes that its opposition contains the transcript of Edward McGuire's ("McGuire") April 17, 2012, "Attorney's Eyes Only" deposition which discloses Systems' ownership information, designated as exhibit B, and documents that Systems has marked confidential. Nordock states that the motion to seal was filed "out of the abundance of caution" given the allegations to which Nordock is responding and because the information contained in Nordock's response would be harmful to Systems if it became publically available.

Two days after filing its motion, Nordock filed in the public record redacted versions of its opposition and the related documents. *See Methodist Hosps., Inc. v. Sullivan*,

91 F.3d 1026, 1032 (7th Cir. 1996); Comment to General Local Rule 79 (E.D. Wis.) The redacted versions must include all information that has not been designated confidential by the parties. *See id.* From review of the redacted materials, it appears that Nordock has properly redacted its filings by including the greatest amount of material possible in the public record.

However, the Court needs more information to resolve Nordock's motion to seal. As the party seeking to seal items, Nordock has the burden of showing cause and must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). Even when the parties agree as to the need to protect information from public disclosure, the Court must determine whether there is good cause to seal documents that are filed in the matter. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999).

"The rights of the public kick in when material produced during discovery is filed with the court." *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009). Documents that have been used in a Court proceeding may "'influence or underpin the judicial decision' and . . . are therefore presumptively 'open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality.'" *Id.* at 1075 (quoting *Baxter Intl., Inc.*, 297 F.3d at 545). Unlike unfiled discovery to which the public generally has no right of access, "[i]t is beyond dispute that most documents filed in court are presumptively open to the public." *Id.* at 1073.

2

This Court has a duty to make a determination of good cause to seal any part of the record of a case. *Citizens First Nat'l Bank*, 178 F.3d at 944 (citing Fed. R. Civ. P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984); *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-87 (3d Cir. 1994)). The Court may not seal *carte blanche* whatever portions of the record any party wants to seal. *Citizen's First Nat'l Bank*, 178 F.3d at 944.

This is so because the parties to a lawsuit are not the only entities who have a legitimate interest in the record compiled in a legal proceeding. *Id.* "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945. "That interest does not always trump the property and privacy interests of the litigants, but it can be overridden in a particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case." *Id.*

Nordock's motion to seal does not contain sufficient information to allow this Court to determine whether the proffered materials should be filed under seal. By the stated deadline, Nordock must supplement its motion by filing a memorandum that includes a detailed factual statement, explaining document by document, the propriety of secrecy, providing reasons and legal citations. *See Baxter Int'l, Inc.,* 297 F.3d at 548. If Systems continues to assert that the subject documents should be secret, it will have to assist Nordock in providing the necessary information.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

**On or before August 10, 2012**, Nordock **MUST FILE** a memorandum in support of its motion to seal that analyzes in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Failure to comply with this Order will result in the denial of Nordock's motion to seal.

Dated at Milwaukee, Wisconsin this 31st day of July, 2012.

**BY THE COURT**

*/s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**