# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

NORDOCK INC.,

        **Plaintiff,**

v.                             **Case No. 11-C-118**

SYSTEMS INC.,

        **Defendant.**

---

# DECISION AND ORDER

---

This is a patent infringement and unfair competition action between rivals in the loading dock device industry. The action concerns the lip lug and hinge plates of dock levelers. Dock levelers are devices used to provide a smooth transition between the loading dock surfaces and the surfaces of the truck load bed for safe and efficient loading and unloading of goods.

The Plaintiff, Nordock, Inc. ("Nordock"), a Canadian designer, manufacturer and seller of dock levelers holds U.S Design Patent Number D 579,754 (the "'754 patent"), a design patent for a lip lug and hinge plate. The lip lug and hinge plate is the portion of a dock leveler that bridges the gap between a loading dock and a trailer. Nordock alleges that the Defendant, Systems Inc. ("Systems"), is infringing on its design patent and is engaging in unfair competition.

Thirteen motions are pending this action. However, this Decision and Order addresses only nine of the motions. The remaining four motions[1] are not fully briefed and will not be addressed.

**Nordock's Motion to Compel Protective Order and Production of Documents**

Nordock requests entry of a protective order and an order compelling Systems to produce its financial/profit records for its sales of infringing LMP, LHP, LMD, and LHD dock levelers and extending the time for Nordock to supplement its damages expert report. In addition, Nordock requests leave, if necessary, to amend its Complaint to include a claim for Systems' profits pursuant to 35 U.S.C. § 289. Nordock asserts that Systems is not cooperating with respect to entering a stipulated protective order; Systems declines to produce financial/profit records for sales of infringing LMP, LHP, LMD, and LHD dock levelers because no protective order has been entered and asserts the records are not relevant to any issue in this case. Nordock maintains that Systems' refusal to produce its financial records has left Nordock's damages expert with insufficient information to complete Nordock's expert report. Systems continues to assert that Nordock is not entitled to Systems' profits for the sales of its infringing levelers under 35 U.S.C. § 289, if the statute is not specifically listed in the Complaint.

Systems asserts that Nordock's motion is a thinly disguised, untimely attempt to retroactively extend the fact discovery cutoff date in this case; Nordock's Complaint does not include a claim for lost profits; Nordock did not identify such a claim in its September 1,

---

[1]The remaining motions are Nordock's motion for partial summary judgment, Systems' motion for summary judgment, Nordock's motion to strike Adam Brookman as an expert witness, and Nordock's motion to seal.

2

2011, initial disclosures; and Nordock's contention that Systems refused to enter into a protective order is baseless.

A design patentee may recover damages under 35 U.S.C. § 284 or under 35 U.S.C. § 289, entitled "[a]dditional remedy for infringement of design patent,"which states:

> Whoever during the term of a patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit, but not less than $250, recoverable in any United States district court having jurisdiction of the parties.

> Nothing in this section shall prevent, lessen, or impeach any other remedy which an owner of an infringed patent has under the provisions of this title, but he shall not twice recover the profit made from the infringement.

*Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1290 (Fed. Cir. 2002).

On a procedural issue, such as whether Nordock's Complaint must include a claim for damages under 35 U.S.C. § 289 in order to recover Systems' profits from the accused products, the Federal Circuit applies the law of the regional circuit to which district court appeals normally lie, unless the issue pertains to or is unique to patent law. *Tennant Co. v. Hako Minuteman, Inc.*, 878 F.2d 1413, 1416 (Fed. Cir. 1989) (applying Seventh Circuit law to Rule 37 motion for sanctions).

Rule 54(c) of the Federal Rules of Civil Procedure provides that "every other final judgment [that is not a default judgment] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." "The purpose of this

3

rule is to make 'clear that a judgment should give the relief to which a party is entitled, regardless of whether it is legal or equitable or both.'" *Old Republic Ins. Co. v. Emp'rs Reinsurance Corp.*, 144 F.3d 1077, 1080 (7th Cir. 1998). This rule "has been liberally construed, leaving no question that it is the court's duty to grant whatever relief is appropriate in the case on the facts proved," even when that relief is not specifically requested. *Kaszuk v. Bakery and Confectionery Union and Industry Int'l. Pension Fund*, 791 F.2d 548, 559 (7th Cir. 1986). But this duty is limited; specifically, "[w]hen such relief would prejudice the opposing party, the district court ought not grant it." *Id.*; *see also Felce v. Fiedler*, 974 F.2d 1484, 1501 (7th Cir. 1992).

In this instance, Rule 54(c) allows Nordock to recover damages under 35 U.S.C. § 289. And, Systems has not presented any evidence that it would be prejudiced. Therefore, Nordock may assert a damages claim under § 289, without amending its Complaint. *See Rocket Jewelry Box, Inc. v. Quality Int'l Packaging, Ltd.,* 250 F.Supp. 2d 333, 339 (S.D.N.Y. 2003) (awarding permanent injunction and prejudgment interest although not sought in complaint)*, aff'd in part and vacated in part and remanded on other grounds*, 90 Fed. Appx 543 (Fed Cir. 2004).

Furthermore, the federal discovery rules are liberal in order to assist in the preparation for trial and settlement of litigated disputes. *See Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009). Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see Bond*, 585 F.3d at 1075. Based on Nordock's claim that Systems infringed its design patent and 35 U.S.C. § 289 which provides for disgorgement of the infringer's profits, information regarding Systems' profits from its sales of infringing LMP, LHP, LMD, and LHD dock levelers is likely to lead to the discovery of admissible evidence and, therefore, Nordock's motion to compel is granted. *See Micro Motion, Inc. v. Kane Steel Co., Inc,* 894 F.2d 1318, 1322 (Fed. Cir. 1990). Nordock may also supplement the report of its damages expert, Dr. Stan V. Smith ("Smith"), no later than 28 days after Systems produces such discovery materials.

Nordock also requests entry of the protective order that the parties have been using as a guideline in this litigation. Systems does not oppose the entry of the order. This litigation involves trade secrets and other confidential financial information in a highly competitive industry as well as privileged legal advice, and a protective order would be appropriate. However, paragraph six of the proposed protective order conflicts with the controlling case law of this Circuit which emphasizes the right of public's access to documents filed with the Court and the need for a party to establish good cause for the sealing of a document. *See United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). Civil Local Rule 26(e) (E.D. Wis.) provides an example of an acceptable protective order.

In light of the foregoing, Nordock's motion to compel is granted as to the production of documents and leave to supplement its damage expert's report, and is denied as to the protective order.

## System's Motion to Schedule a Claim Construction Hearing

Systems requests that the Court schedule a claim construction hearing relying on *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) and *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288 (Fed Cir. 2010). Nordock opposes a hearing.

Fact discovery has been completed. *Richardson*, a design patent infringement action, involved a bench trial. 597 F.3d at 1292. During the first portion of the court's opinion, the court construed the design patent, which contained functional and non-functional elements. *Id*. The court construed the scope of the claim and identified the non-functional aspects of the design as shown in the patent. *Id*. After the claim construction and the exclusion of the functional aspect of the claim, the court resolved the infringement issue. *Richardson* does not establish that the Court must hold a claim construction hearing.

In this action, both parties have requested a jury trial. The claim must be construed before the infringement claims go to the jury. *See Markman*, 517 U.S. at 384-91. However, the timing of the claim construction is a matter of the Court's discretion. The Court's general practice is to have the claim construction issues fully briefed and, after reviewing the briefs, determine whether further elaboration in a claim construction hearing is necessary or helpful.

6

After the motion for a claim construction hearing was filed, the parties filed summary judgment motions. Those motions are not yet briefed. Resolution of those motions may have an impact on what claim construction issues, if any, the Court will need to resolve. In light of the foregoing, Systems' motion for a claim construction hearing is denied, without prejudice.

### Systems' Rule 7(h) Expedited Non-Dispositive Motion For Sanctions and to Seal Documents

Systems requests that the Court issue an order to show cause and impose sanctions against Nordock. Systems maintains that Nordock twice breached the parties' agreement not to disclose highly confidential information. The first breach occurred during a deposition when Nordock disclosed ownership information about Systems, a privately owned company. The second breach occurred when Nordock filed a drawing for a confidential and internal lip hinge design concept (ECF No. 26-1, 83) that Systems is considering. Systems seeks an order admonishing and sanctioning Nordock and directing that page 83 of Exhibit A to Nordock's opposition to Systems' motion for claim construction be withdrawn from the public record and filed under seal.

Nordock responds that the disclosures were inadvertent and not all documents that Systems has designated as confidential are clearly and conspicuously marked. Nordock also asserts that no sanctions should be imposed upon it because Systems' conduct in the discovery process has also had its problems.

Nordock's representation that the disclosures were inadvertent is accepted. That said, neither the fact that some information produced in discovery was poorly marked as

7

confidential, nor that Nordock believes that Systems' conduct during discovery was problematic, excuse Nordock's breaches of confidentiality during the discovery process or its inclusion of a document labeled as confidential in a public filing.

"What happens in the federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). While secrecy is permissible at the discovery stage, documents that are part of the judicial record and influence or underpin judicial decisions must be open to public inspection unless "they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Foster*, 564 F.3d at 853. Generic claims of commercial harm are insufficient. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir. 2002). In *Baxter*, the parties failed to explain why disclosure of "commercial documents" would harm a party's competitive position or why that sort of harm would be a legal justification for secrecy in litigation. *Id.* at 546-47.

Even when the parties agree as to the need to protect information from public disclosure, the Court must determine whether there is good cause to seal documents that are filed in the action. *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 944. "The rights of the public kick in when material produced during discovery is filed with the court." *Bond*, 585 F.3d at 1075. The court of appeals has commented, "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed." *Baxter*, 297 F.3d at 547 (citing *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567

(7th Cir. 2000)).  The party seeking to seal a document has the burden of showing good cause.  *Id.*

Systems assumes the disclosed information is confidential because Systems considers it confidential.  However, to seal information a party must establish "good cause" by, for example, presenting facts showing that the information would amount to a protected trade secret; i.e., that it derives independent economic value from not being generally known to or ascertainable by other persons.  *See Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1266 (7th Cir. 1992) (a litigant must do more than just identify a kind of information and demand secrecy).

Neither party has briefed the confidentiality of ownership interests or percentages of ownership interests.  Systems has not presented any facts establishing good cause for keeping such information confidential.

*Edgewood Manor Apartment Homes LLC v. RSUI Indem. Co.,* No. 08-C-0920, 2010 WL 2430996, at *1-*5 (E.D. Wis. 2010), addressed the requested non-disclosure of the identities of members and partners of a limited liability company ("LLC"), noting that the LLC had failed to specify the harm that would be a legal justification for secrecy.  While *Edgewood Manor* involved disclosure of the identities of parties using the court in a different context, there is no indication of harm that might warrant non-disclosure of the names of Systems' stockholders and the percentage of their interest in the company.  Moreover, Nordock established that the disclosure of the ownership information during the deposition was inadvertent.  At this juncture, the Court declines to impose sanctions based on the percentage

9

ownership disclosures during the April 17, 2012, deposition of Ed McGuire ("McGuire"), the majority owner of Systems.

However, the design included at page 83 of exhibit A is a confidential drawing of a design under consideration by Systems. The drawing is not publically available, and its disclosure would cause competitive harm to Systems. Therefore, the Court finds good cause to seal page 83 of exhibit A. (ECF No. 26-1, 83.)

Sanctions will not be imposed with respect to the disclosure of page 83 of exhibit A to Nordock's opposition to Systems' motion for claim construction. The disclosure was inadvertent. Nordock swiftly offered to correct its error by offering to file a stipulated protective order. Systems responded by filing its motion for sanctions, extending the time the drawing was in the public record. Nordock's subsequent court filings also demonstrate its increased vigilance with documents designated as confidential. Nonetheless, Nordock is admonished to be cautious with materials in this litigation that Systems has designated as confidential. The parties should also devise a **consistent and conspicuous method** for marking "confidential" materials produced during discovery.

### Nordock's Motion to Compel Production of Systems' Legal Opinions

Nordock requests that Systems be required to produce the 2004 and 2005 legal opinions of Phillip P. Mann ("Mann"), Systems' attorney of record in this action, regarding the '754 patent. Nordock relies on *In re Seagate Technology LLC*, 497 F.3d 1360 (Fed. Cir. 2007) and *Alloc, Inc. v. Pergo, L.L.C.,* No. 00-C-999, 2010 WL 3808977, at *4 (E.D. Wis. Sept. 23, 2010) (citing *Seagate*, 497 F.3d at 1366, 1374-75).

Systems asserts that: (1) Nordock's motion is untimely; (2) Systems has not waived the attorney-client privilege; (3) Systems is not relying on an advice of counsel defense, and (4) *Seagate*, 497 F.3d at 1360, supports its position, not Nordock's. Systems also states that Nordock seeks the 2004 and 2005 Mann opinions regarding the '754 patent (the "Mann opinions") for improper purposes. However, if production of the Mann opinions will not result in the disqualification of counsel, Systems is willing to produce them.

In reply, Nordock states that it is not seeking the legal opinions as an attempt to disqualify Systems' counsel. Rather, it wants the Mann opinions to determine Systems' mind set regarding willful infringement of the '754 patent.

The Court begins by discussing the relevant law. The applicability of attorney-client privilege in a case such as this, in which subject matter jurisdiction extends from the underlying presence of a federal patent law question, is determined by federal common law. *Wi-LAN, Inc. v. Kilpatrick Townsend & Stockton LLP*, 684 F.3d 1364, 1368 (Fed. Cir. 2012). Rule 501 of the Federal Rules of Evidence governs the applicability of privileges in the federal court. *Id*. A party to litigation may withhold disclosure of the advice given by its counsel, as a privileged communication. *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1126 (Fed Cir. 1993).

The party asserting the privilege has the burden of demonstrating that it applies. *Valero Energy Corp. v. United States*, 569 F.3d 626, 630 (7th Cir. 2009). The attorney-client privilege "is in derogation of the search for the truth and, therefore, must be strictly confined." *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000). The analysis is "highly fact

11

specific," requiring a "document-by-document" review and a consideration of the "totality of the circumstances." *Id.* at 571-72.

With respect to the timeliness of the motion, Nordock propounded discovery requests encompassing the Mann opinions in its first, second, and third set of requests for production of documents and things to Systems, particularly document request numbers seven and 32. (See Sokol Decl. filed July 23, 2012, ¶ 6 & Ex. D.) (ECF Nos. 31-2, 31-7.)

By its request number seven served on September 6, 2011, Nordock requested"[a]ll documents concerning the patentability, scope, validity, enforceability or infringement of the ['754 patent], including all searches, studies or advice of counsel concerning the patentability, scope, validity, enforceability or infringement of the Nordock Patent." (*Id.* & Ex. D.) Thereafter, on March 21, 2012, by request number 32, Nordock asked Systems to "[p]roduce copies of documents rendering any opinion regarding [the '754 patent], particularly regarding the ownership, validity, enforceability or infringement of the patent." (*Id.* & Ex. D.)

Systems asserted the attorney-client privilege and work-product doctrine in response to Nordock's document request numbers seven through ten, 32 and 34 in Systems' answers to Nordock's first, second, and third requests for production of documents and things. (*Id.* at ¶ 7 & Ex. E.) (ECF No. 31-8.) The responses are dated October 11, 2011, and April 20, 2012, respectively. (*Id.*, Ex. E.)

On January 20, 2012, Systems provided Nordock with privilege log. (Sokol Decl. ¶ 7 & Ex. I.) (ECF No. 31-12.) The log does not disclose the existence of Mann's

opinions. *Id.* Systems did not update its privilege log. If Systems had disclosed the existence of the Mann opinions as required by Rule 26, Nordock would have known they existed three to six months before the close of fact discovery. (Sokol Decl. ¶ 9 & Ex. I).

However, Nordock first learned of the Mann opinions on April 17, 2012, during the depositions of McGuire and Michael Pilgrim ("Pilgrim"). Subsequently, Nordock engaged in good faith attempts to obtain the Mann opinions from Systems prior to filing its motion to compel. All that took time. Nordock's motion is timely.

In asserting that it did not waive the attorney-client privilege, Systems focuses on the answers at the McGuire and Pilgrim depositions where Systems disclosed only that it had received the advice of counsel, not the substance of that advice. However, the Court focuses upon Systems' earlier conduct. Beginning on October 11, 2011, Systems raised the attorney-client privilege and work-product protection in response to Nordock's requests for production that would have encompassed the Mann opinions. However, Systems did so without specificity. Moreover, Systems' January 2012, privilege log does not mention the Mann opinions.

Rule 26(b)(5) of the Federal Rules of Civil Procedure states that when a party withholds information otherwise discoverable by claiming the information is privileged, that party must expressly make the claim and describe the nature of the documents being withheld documents in a way that will allow other parties to assess the claim. When a party fails to comply with the requirements of Rule 26(b)(5), the asserted privilege may be waived. *See Hobley v. Burge*, 433 F.3d 946, 947 (7th Cir. 2006)*; Ruran v. Beth El Temple of W. Hartford,*

*Inc.*, 226 F.R.D. 165, 168-69 (D. Conn. 2005) (holding where the defendant did not provide privilege log, the defendant's failure to follow the Rule 26(b)(5) procedure precluded it from withholding from production documents it claimed to be privileged); *Banks v. Office of Senate Sergeant-–at-Arms*, 222 F.R.D. 7, 20 (D. D.C. 2004) (holding that withholding of privilege log may be viewed as a waiver of any privilege); *Robinson v. Tex. Auto. Dealers Ass'n*, 214 F.R.D. 432, 456 (E.D. Tex.) (holding that the defendants waived privilege by failing to list materials claimed to be privileged in their privilege log), *vacated in part*, No. 03-40860, 2003 WL 21911333 (5th Cir. Jul 25, 2003).

By not including the Mann opinions in its privilege log, Systems has waived the privilege. Systems made a general, conclusory assertion that some documents were privileged, which is insufficient under Rule 26(b)(5). *See Holifield v. United States*, 909 F.2d 201, 203-04 (7th Cir.1990) (holding "blanket objection" would not suffice to support a claim that the attorney-client privilege prohibits the production of documents where party asserting an attorney-client privilege failed to specify the applicability of the privilege with respect to each document being withheld, nor did he set forth any specific facts to support his legal conclusions); *Teed v. JT Packard & Assocs. Inc.*, No. 10–MISC–23, 2010 WL 2925902, at *3 (E.D.Wis. July 20, 2010) (holding that the conclusory assertion of a privilege was insufficient to establish that the information was privileged); *Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) (stating that a general claim of privilege, be it work-product or attorney-client, is an inadequate response to a discovery request.) Systems failed to provide any details about the documents being withheld. Rather, it made a "blanket

objection" to the production of certain documents. Therefore, the Court concludes that Systems waived the privilege as to the Mann opinions. Accordingly, Nordock's motion to compel production of the Mann opinions is granted.

Nordock has disavowed an intent to attempt to disqualify counsel. The parties should agree to an order prohibiting Nordock from using the Mann opinions in any manner that might lead to disqualifying Mann as trial counsel in this action.

### Nordock's Motions to Seal Expert Reports of Smith and Richard F. Bero, and Exhibit A of Sokol Declaration, Systems' Financial/Profit Data

Nordock filed motions to seal the expert reports of its own damages expert, Smith and Richard F. Bero ("Bero"), System's damages expert, as well as exhibit A to the Sokol declaration that contains Systems' financial/profit data. The premise for sealing is the same; that is, the documents contain or discuss a party's financial information which is not available to the public, and sealing the document will prevent harm to the party from disclosure of the information. Systems does not oppose the motions to seal.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that, upon a showing of "good cause," the Court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." District courts, applying the case law of this Circuit, have found that such "highly sensitive financial information" constitutes a trade secret, and therefore, may be filed under seal. *See Thermal Design, Inc. v. Guardian Bldg. Prods., Inc.,* No. 08-C-828, 2011 WL 5105490, at *2 (E.D. Wis. Oct. 25, 2011). *See also, Metavante Corp. v. Emigrant Sav. Bank,*

No. 05-CV-1221, 2008 WL 4722336, at *10 (E.D. Wis. Oct. 24, 2008); *FTC v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620 at *3 (N.D. Ill. Apr. 5, 2012).

The proffered documents discloses that they contain some pricing and profit information which a competitor could use to undercut or otherwise financially harm the subject party in the marketplace. Therefore, at this juncture, the Court finds "good cause" to seal those portions of the subject documents which contain pricing and profit information. The sealing order will expressly provide that any party and any interested member of the public may challenge the sealing of those papers. *See Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007).

However, the reports also include information not related to profit and pricing. For example, Bero and Smith's reports contain information about the assignment, each man's qualifications and experience, and a summary of the information he relied upon. Nordock must file redacted versions of the reports in the public record that include as much non-sensitive information as possible. *See Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1032 (7th Cir. 1996); Comment to General Local Rule 79 (E.D. Wis.) The redacted versions must include everything but pricing or profit information. *See id.*

### Nordock's Motion to Strike Bero as an Expert Witness

Nordock requests that Systems be barred from calling Bero as an expert witness because he did not disclose all the facts and information that he considered when preparing his expert report as required by paragraph seven of the July 21, 2011, Scheduling Order (the "Scheduling Order") and Rule 26(a)(2)(B)(ii) of the Federal Rules of Civil Procedure; and

16

because he did not disclose his report on or before June 20, 2012, as required by paragraph seven of the Scheduling Order. Nordock also requests Rule 37(c) sanctions. Nordock asserts that it has been prejudiced by the late disclosures because knowledge of the materials that Bero relied upon was not available to Nordock when preparing for his deposition.

Systems contends that the motion should be denied because Bero is a rebuttal expert on an issue for which Nordock bears the burden of proof, and that Bero's report is timely and contains the required information.

Federal Rule of Civil Procedure 26(a)(2) sets the standards for disclosure of expert testimony. Specifically, Rule 26(a)(2)(B) requires a party to submit a report from any expert witness it might use at trial. This report must contain information including "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; [and] (ii) the facts or data considered by the witness in forming them." Fed.R.Civ.P. 26(a)(2)(B)(i) & (ii). The current version of the Rule is the result of a 2010 amendment requiring the disclosure of "facts or data" rather than "data or other information," which makes clear that disclosure of theories or mental impressions of counsel is not required. *See Allstate Ins. Co., v. Electrolux Home Prods., Inc,* 840 F.Supp. 2d 1072, 1078 (N.D. Ill. 2012). The Committee urged that the phrase "facts or data" was to be interpreted broadly and include any facts or data considered by the expert, not only those relied upon. *Id.* (citing Fed. R. Civ. P. 26 Advisory Committee Note to 2010 Amendments).

The sanctions for noncompliance with disclosure requirements are found in Rule 37 of the Federal Rules of Civil Procedure, which allows the Court to impose sanctions if it

finds that a party did not comply with discovery requirements. *See id.* Where a party fails to provide information required by Rule 26(a) "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008). Rule 37 also provides that in addition to, or instead of, the exclusion sanction, the court may award reasonable expenses, inform a jury of the party's failure and impose other appropriate sanctions. Fed. R. Civ. P. 37(c)(1). A Rule 37 sanction must be "one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Salgado v. Gen. Motors Corp.,* 150 F.3d 735, 740 (7th Cir. 1998).

The purpose of Rule 26(a)(2) is to provide notice to opposing counsel as to what an expert will testify before the deposition takes place. *Ciombe*r, 527 F.3d at 642. The disclosure requirements prevent placing counsel in a position where he or she must depose an expert without an understanding as to what the expert will testify; the rules are designed to "aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." *Id*. at 643 (quoting *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000)). The Committee Notes to the 1993 amendments, which included the relevant disclosure requirements, explain: "This paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for

expert testimony from other witnesses." Fed. R. Civ. P. 26, Advisory Committee Note 1993 Amendments ¶ 2.

The court of appeals for this circuit has discussed the emphasis on total disclosure. *See Salgado*, 150 F.3d at 741 n.6. An expert must disclose the materials given to him to review in preparation for testifying, "even if in the end he does not rely on them in formulating his expert opinion, because such materials often contain effective ammunition for cross-examination." *Fid. Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 751 (7th Cir. 2005).

Attachment one to Bero's report lists the materials that Bero relied upon in the report. However, the documents listed on page two of that attachment lack Bates numbers and were not provided to Nordock during discovery or as a part of the report. Pursuant to Nordock's subpoena, Bero produced the documents in question at his deposition.

The rule requires disclosure of the underlying documents as a part of Bero's report. However, Nordock could have subpoenaed the production of the subject documents days in advance of Bero's deposition rather than for the time of his deposition.

Even where there is a Rule 26 violation, the focus turns to determining an appropriate remedy. Exclusion of evidence or a witness is an appropriate remedy unless the failure to comply is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). This Court has broad discretion in evaluating whether a Rule 26(a) violation is either substantially justified or harmless. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Four factors guide the Court's discretion: "1) the prejudice or surprise to the party against whom

the evidence is offered; 2) the ability of the party to cure the prejudice; 3) the likelihood of disruption to the trial; and 4) the bad faith or unwillfulness involved in not disclosing the evidence at an earlier date." *Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005) (citations omitted.)

Under Rule 37(c)(1), this Court may award reasonable expenses, inform a jury of the party's failure, and impose other appropriate sanctions. System's failure to produce the documents earlier, and Bero's "consideration" of them in the broadest sense, was harmless. Other than stating that it could not fully cross-examine Bero, Nordock has not identified any particular harm or prejudice resulting from the failure to earlier produce the documents. The issue has been raised well in advance of trial. There is also no indication that Systems acted in bad faith.

Under these circumstances, bearing in mind that a Rule 37 sanction must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction, *Salgado*, 150 F.3d at 740, the Court will allow Nordock to conduct a four-hour supplemental deposition of Bero at Systems' expense at a date, time, and place that is convenient for Nordock. In all other respects, Nordock's motion to strike Bero as an expert witness is denied.

**Nordock's Motion to Seal Opposition to Systems' Motion**

Nordock filed a motion to seal its opposition to Systems' motion for sanctions (ECF No. 33). Nordock's opposition consists of a memorandum, a declaration of its attorney, Jeffery A. Sokol ("Sokol") filed on July 25, 2012, and exhibits A through M.

The motion to seal did not contain facts establishing "good cause" to seal the documents. As a result, the Court directed Nordock to file a memorandum in support of the motion to seal analyzing in detail, document by document, the propriety of secrecy, providing reasons and legal citations. (*See* ECF No. 35.) Nordock complied. (See ECF No. 39.) Systems also filed a response thereto. (ECF No. 47.)

Nordock does not believe that there is good cause to seal the information in its opposition to Systems' motion to show cause and for sanctions; the Sokol declaration; or exhibits B, C, D, F, G, H, and I. However, Nordock asserts that exhibit L, except for the last page which is a third party's production drawing, should remain sealed. With respect to exhibit L, Nordock states that production drawings of Nordock and Systems should be confidential and sealed because they are internal documents not generally made available to the public. However, the final page of exhibit L – the third party's production drawing that Systems disclosed is not confidential because it was in Systems' possession.

Systems advocates the sealing of all of exhibit B (portions of McGuire's April 17, 2012, deposition), as well as exhibits H, L and page 83 of exhibit A to Nordock's brief in opposition to Systems' motion to schedule a claim construction hearing, which includes Systems' confidential design drawings.

Neither party presents an argument for sealing Nordock's opposition to Systems' motion for order to show cause and sanctions, the Sokol declaration, or exhibits C, D, E, F, G or I of the Sokol declaration. Therefore, those documents will be filed in the public record. *See Bond*, 585 F.3d at 1075.

Page 83 of exhibit A to Nordock's opposition to Systems' motion for claim construction has been addressed and the Court has found "good cause" to seal that document as Systems' trade secret. *See infra* at 10.

With respect to exhibit B, Systems concedes that McGuire's majority ownership of Systems is public knowledge, however, it maintains that the subject portion of McGuire's deposition transcript, (see ECF No. 34-3 (redacted version)), includes the names and identities, including the specific fractional percentage ownerships, of every Systems owner – not just McGuire. Systems states that neither the names of all the owners of Systems nor the specific percentage of each owner's interest is public information, Systems and its owners do not want that information public, and that it is "entitled to keep in confidence any information that it reasonably desires to keep confidential, and Nordock cannot unilaterally decide what of System's information it will keep confidential." (System's Resp. to Nordock's Statements Regarding Lack of Confidentiality, 2.)

Systems has not cited any case law to support its statement that it is "entitled to keep in confidence any information that it reasonably desires to keep confidential." And, as previously indicated, the controlling case law of this circuit holds to the contrary. Systems has not established good cause to seal the McGuire transcript contained in exhibit B.

With respect to exhibits H and L, Systems indicates that they are its internal technical documents which are conceptual drawings for products that Systems has not released to the public, and that the documents were only released to Nordock pursuant to Systems' duty of disclosure in this litigation. Systems has presented sufficient facts to establish "good cause"

for sealing exhibits H and L, which contain proprietary information regarding potential product designs. Again, the sealing order will state that any member of the public may challenge the sealing of any paper sealed pursuant to this Order.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Nordock's motion to compel (ECF No. 21) **is GRANTED** as to the production of the financial and profit information for its sales of infringing LMP, LHP, LMD, and LHD dock levelers and leave to supplement Smith's damages report, and is **DENIED** as to the protective order.

Systems **MUST DISCLOSE** the financial and profit information for its sales of infringing LMP, LHP, LMD, and LHD dock levelers to Nordock **no later than 7 DAYS after the date** of this Order.

Nordock **MAY SUPPLEMENT** Smith's report **no later than 28 DAYS after** Systems' disclosure of the financial information;

Systems' motion to schedule a claim construction hearing (ECF No. 22) is **DENIED**;

Systems' Rule 7(h) expedited non-dispositive motion for sanctions and to seal documents (ECF No. 28) is **GRANTED** in part as to filing page 83 of exhibit A to the Sokol declaration (ECF No. 26-1, at 83) under seal and **DENIED** in part;

Nordock's motion to compel production of Systems' legal opinions (ECF No. 31) is **GRANTED** as follows, Systems must produce the Mann opinions and the parties should

enter into an agreement that Nordock may not use or attempt to use those opinions to disqualify Mann as trial counsel in this action;

Nordock's motion to seal opposition to Systems' motion (ECF No. 33) is **GRANTED** with respect to exhibits H and L to Nordock's opposition to Systems' motion for sanctions, and **DENIED** in all other respects;

Nordock's motions to seal the expert reports of Bero (ECF No. 38) and Smith (ECF No. 42) and to seal exhibit A of Sokol declaration (Systems' Financial/Profit Data) (ECF No. 57) are **GRANTED**;

Nordock **MUST FILE** redacted versions of the Bero and Smith reports;

Any member of the public may challenge the sealing of any paper sealed pursuant to this Order; and

Nordock's motion to strike Bero's report (ECF No. 40) is **GRANTED** to the extent that Nordock may conduct a four-hour supplemental deposition of Bero at Systems' expense at a date, time, and place to be selected by Nordock, and **DENIED** in all other respects.

Dated at Milwaukee, Wisconsin this 5th day of October, 2012.

**BY THE COURT**



**Hon. Rudolph T. Randa**
**U.S. District Judge**