UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NORDOCK, INC.<br><br>   Plaintiff,<br><br> v.<br><br>SYSTEMS, INC.<br><br>   Defendant.<br><br>COMPLAINT | Case No. 11-CV-0118 |

**EXPERT REPORT ON INFRINGEMENT**

**Professor Steven C. Visser**

**June 20, 2012**

Ariz. 2009) (quoting Lee v. Dayton-Hudson Corp., 838 F. 2d 1186, 1188 (Fed. Cir. 1988)). However, if "there are several ways to achieve the function of an article of manufacture, the design of the article is more likely to serve a primarily ornamental purpose." (L.A. Gear, Inc. v. Thom McAn Shoe Co., 988F.2d 1117, 1123 (Fed. Cir. 1993) (internal citations omitted)

**Functionality**

19. The general configuration of a dock leveler with a hinged articulated lip is functional. The lip must be on the front most portion of the dock leveler so that it can be extended to act as a transition from the truck to the dock leveler. The existence of the hinge is functional, to allow the lip to articulate relative to the dock leveler. The hinge must have a way to be secured to the leveling dock. However, the prior art makes it abundantly clear that there are several ways of achieving this function. The prior art discloses several dock levelers with functionally similar articulated lip configurations. For example: The 3,685,077 patent from 1972 discloses three lugged hinges that connect a lip to a hinge plate. The 3,835,497 patent from 1974 discloses a continuous round hinge that connects the lip to the hinge plate. The 4,068,338 patent from

1978 discloses lug hinges without a hinge plate, instead the lip has lugs that hinge in cooperation with lugs connected to the sides of the understructure of the deck. The 5,123,135 patent from 1992 discloses wide gusseted hinges. The 5,311,628 patent from 1994 shows a dock leveler assembly including a lip with lug style hinges and an automatic vehicle barrier. The 5,553,343 patent from 1996 discloses a lugged hinge on a folding barrier lip. The 5,781,953 patent from 1998 discloses pairs of lugs that connect to both the lip and the sides of the understructure, it also discloses at least three different designs for the lip gussets. The 6,370,719 (Alexander) patent from 2002 discloses gussets on the hinge plate and multiple designs of lips, including versions with gussets and a gusset plate. The 6,842,930 patent from 2005 which was filed in February 2002, discloses a variety lug hinge designs for runoff guards, with no hinge plate.

20. Dock levelers in North America come in certain industry standard widths. Both Nordock and Systems sell dock levelers in 6', 6'6" and 7' widths. The width of the dock leveler is a functional requirement they are dictated by the industry. Additionally, both sell dock levelers with 16", 18" or 20" lips. Finally, a dock leveler

in a narrower variety typically come with rectangular lips, and wider widths are typically tapered (smaller on the extended end). It is my understanding that the customer can specify if they get tapered or rectangular lips. It is my understanding that the tapering is a functional request from the customer not an ornamental choice.

**Conclusion on Functionality**

21. The general configuration of a dock leveler is functional. The lip must be in the front most position, it must have a hinge to accommodate changing levels, and the hinge must be secured to the dock leveler. The widths of the dock levelers come in industry standard sizes. Lips are tapered or not tapered according to customers needs. The prior art discloses a variety of lip and hinge plate designs for dock levelers that perform the same function. However, none of the prior art discloses the overall design shown in the '754 patent. The overall design of the '754 patent is ornamental. Together the elements of the '754 patent create a modern angular aesthetic of rugged efficiency, and a durable look.

**Analysis of Prior Art**

22. It is my understanding that a prior art is art that comes before a patent is filled. As noted on its cover page the '754 patent has