# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NORDOCK INC.,**

        **Plaintiff,**

v.                                         Case No. 11-C-118

**SYSTEMS INC.**

        **Defendant.**

# ORDER

This matter comes before the Court on the parties' joint request for a case management conference to provide guidance in the wake of the Court's October 5, 2012, Decision and Order ("Decision") (ECF No. 77) addressing several discovery issues. The Court provides the following guidance:

    1. Systems' Production of Financial Documents: If Richard F. Bero ("Bero"), Systems' expert, considered the information on Systems' computer in preparing his expert report, such financial/profit data should have been included in the report and must be produced by Systems. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii) (the report must contain facts or data considered by the witness in forming [the opinions]). (*See also* Court's Oct. 5, 2012, Decision, 17, 19.)

    2. Systems' Production of Legal Opinions: Systems states that it has produced all the legal opinions. Nordock relies on Edward McGuire's deposition testimony (ECF 31-9), presented as part of the underlying motion to compel, in asserting that a legal opinion was

obtained in 2004 or 2005. Nordock has presented nothing new. The Court cannot compel Systems to produce an opinion that does not exist. Systems makes its representation as an officer of the Court.

3. Nordock's Failure to Pay Expert Invoices: Rule 26(b)(4)(E) provides that unless manifest justice would result, the court "must require" the party seeking discovery to pay the expert "a reasonable fee" for the time spent responding to discovery under Rule 26(b)(4)(A) or (D). "In other words, before refusing to order a deposing party to pay the other party's expert, the district court must explicitly find either manifest injustice or that the fee was unreasonable." *Gwin v. Am. River Transp. Co.,* 482 F.3d 969, 975 (7th Cir. 2007). Nordock is only required to pay a reasonable fee. More detailed time records may be required to make that assessment. The wording of Rule 26(b)(4)(E) supports System's contention that Nordock should make a direct payment to Bero.

This response should also provide guidance regarding expert Adam Brookman. The basic proposition under Rule 26(b)(4)(e), "is relatively straightforward – a party that takes advantage of the opportunity afforded by Rule 26(b)(4)(A) to prepare a more forceful cross-examination should pay the expert's charges for submitting to this examination." 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure* § 2034 (2010).

2
Case 2:11-cv-00118-WED   Filed 11/21/12   Page 2 of 3   Document 97

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The parties' request for guidance is granted as stated herein.

Dated at Milwaukee, Wisconsin, this 21st day of November, 2012.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**