# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NORDOCK INC.,**

    **Plaintiff,**

v.              Case No. 11-C-118

**SYSTEMS INC.,**

    **Defendant.**

# DECISION AND ORDER

Three motions to seal filed by the Plaintiff, Nordock, Inc. ("Nordock"), are addressed herein. All three motions relate to filings in conjunction with the parties' summary judgment motions. The motions are addressed in the order in which they were filed.

**Sealing of Papers in Support of Nordock's Motion for Summary Judgment**

Nordock seeks an order sealing paragraph 24 of its proposed statement of facts in support of its summary judgment motion as to the validity and enforceability of U.S. Patent No. D579,754 and exhibits D1, M, and R in support of that proposed statement of facts. Defendant Systems Inc. ("Systems") does not oppose the motion. For the reasons stated, the motion to seal is granted as to all except exhibit M.

Motions to seal are decided in accordance with the controlling case law of this Circuit which emphasizes the right of public's access to documents filed with the Court and the need for a party to establish good cause for the sealing of a document. *See United States v. Foster,* 564 F.3d 852, 853 (7th Cir. 2009); *Citizens First Nat'l Bank of Princeton v.*

*Cincinnati Ins. Co.,* 178 F.3d 943, 944 (7th Cir. 1999). Even when the parties agree as to the need to protect information from public disclosure, the Court must determine whether there is good cause to seal documents that are filed in the action. *Citizens First Nat'l Bank of Princeton,* 178 F.3d at 944. "The rights of the public kick in when material produced during discovery is filed with the court.*" See Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009).

Paragraph 24 of Nordock's proposed statement of facts includes information from exhibit R, a portion of Systems' damages expert's report ("Bero Report") containing financial information of the type that is not normally made available to the public. At page 16 of its October 5, 2012, Decision and Order, the Court found that Nordock established good cause to seal such information. (ECF No. 77.) Therefore, paragraph 24 of Nordock's proposed statement of facts and exhibit R will be sealed.

Exhibit D1 contains a sheet of drawings containing some alternate lug concepts that Systems has asserted is confidential. The drawing is not publically available, and its disclosure would cause competitive harm to Systems. Nordock has established good cause to seal Exhibit D1 and it will be sealed.

Exhibit M is a portion of the August 24, 2012, deposition transcript of Norbert Hahn ("Hahn"), a Systems witness. Hahn, is currently doing work for Rite Hite, a company that also produces loading dock equipment, and is a Rite Hite retiree. (*See* Ex. AL, 8-10) (ECF No. 81-11.) At Systems' counsel's suggestion, Hahn requested that his entire transcript be designated "confidential – attorney's eyes only" because some portion might contain confidential information of Rite Hite. Nordock sent a copy of the transcript and a letter to

2

Hahn in mid-September 2012, requesting that he identify any portions that he or Rite Hite considers "confidential" or "confidential –attorney's eyes only."  A copy of the letter was also sent to counsel for Rite-Hite. (*See* Mem. Pl.'s Mot. Seal Portions Mem. Pertaining to Hahn Test. & Paragraphs 24, 66-77 & 79-91, and Ex. AL & AY, 3.) (ECF No. 85.)  Nordock confirmed Rite Hite's receipt of the letter, but obtained no substantive response. (*Id*.)

Nordock states that sealing exhibit M is done out of the abundance of caution. Despite notice to the interested party, no facts have been presented in support of sealing any part of Hahn's deposition.  Good cause has not been established to seal exhibit M.  Therefore, the Court will direct the Clerk of Court to file exhibit M in the public record.

**Sealing of Papers in Opposition to Systems' Summary Judgment Motion**

Nordock also seeks an order sealing portions of its memorandum of law in opposition to System's summary judgment motion (ECF No. 80) pertaining to Hahn's deposition testimony, portions of paragraphs 24, 66 through 77 and 79 through 91 of its supporting proposed statement of material facts (ECF No. 81), and exhibits AL and AY.

The motion is granted as to exhibit AY and paragraph 24 of Nordock's proposed statement of material facts.  Exhibit AY contains Nordock's profit/loss data, financial data that is not available to the public," and financial records of this type are generally not made available to the public.  Paragraph 24 of Nordock's proposed statement of material facts includes financial information from Systems' damages expert's report and is the type of information not normally made available to the public.  There is "good cause" to seal such information. (*See* Court's October 5, 2012, Decision & Order, 16.)

3

Based on this Court's finding that good cause to seal Hahn's deposition transcript has not been established, Nordock's motion is denied as to exhibit AL, which consists of several pages of Hahn's deposition transcript; paragraphs 66 through 77 and 79 through 91 of Nordock's proposed statement of material facts, which include excerpts of Hahn's deposition transcript; and portions of Nordock's memorandum in opposition to Systems' summary judgment motion, that refer to Hahn's deposition transcript. Exhibit AL will be filed in the public record. Nordock must file in the public record a revised statement of proposed statement of material facts and an opposition memorandum that include Hahn's depostion testimony.

**Sealing of Papers filed in Support of Nordock's Reply**

Nordock requests the sealing of portions of its reply to System's opposition to Nordock's summary judgment motion (ECF No. 89) pertaining to Hahn's deposition testimony, and portions of paragraphs 24, 66 through 77 and 79 through 91 of its supporting proposed statement of material facts (ECF No. 90).

The motion is granted as paragraph 24 of Nordock's proposed statement of material facts which includes financial information from Systems' damages expert's report and is the type of information not normally made available to the public. Good cause to seal has been established. (*See* Court's October 5, 2012, Decision & Order, 16.)

The remainder of the motion to seal is denied. The other material that Nordock requested be sealed relates to Hahn's deposition transcript. Good cause has not been shown to seal that information. Therefore, Nordock must file in the public record revised versions

4

of its reply to System's opposition to Nordock's summary judgment motion and Nordock's supporting proposed statement of material facts that include the portions of Hahn's deposition testimony.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Nordock's motion to seal (ECF No. 73) is **GRANTED** as to paragraph 24 of its proposed statement of facts and exhibits D1 and R and **DENIED** as to exhibit M;

Nordock's motion to seal (ECF No. 84) is **GRANTED** as to exhibits AY and paragraph 24 of Nordock's proposed statement of material facts and **DENIED** as to exhibit AL, a portion of Nordock's memorandum of law in opposition to Systems' motion for summary judgment, and portions of paragraphs 66 through 77 and 79 through 91 of Nordock's proposed statement of material facts;

Nordock's motion to seal (ECF No. 92) is **GRANTED** as to paragraph 24 of its supporting proposed statement of facts and **DENIED WITH RESPECT** to portions of Nordock's reply to Systems' opposition to Nordock's summary judgment motion pertaining to Hahn's deposition testimony, and portions of paragraphs 66 though 77 and 79 through 91 of its supporting proposed statement of facts;

Nordock **MUST FILE** in the public record revised versions of the following documents that include excerpts of Hahn's testimony: (1) its memorandum of law in opposition to Systems' motion for summary judgment and (2) proposed statement of material

facts; (3) its reply to Systems' opposition to its summary judgment motion and (4) Nordock's supporting proposed statement of facts;

The Clerk of Court is **DIRECTED TO FILE** exhibit M (ECF No. 63-17) and exhibit AL (ECF Nos. 81-11 & 88-1) in the public record; and

Any member of the public may challenge the sealing of any paper sealed pursuant to this Order.

Dated at Milwaukee, Wisconsin this 6th day of December, 2012.

**BY THE COURT**

_____
**Hon. Rudolph T. Randa**
**U.S. District Judge**