# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NORDOCK INC.,

        Plaintiff,

v.                                    Case No. 11-C-118

SYSTEMS INC.,

        Defendant.

# DECISION AND ORDER

On February 14, 2013, the Plaintiff Nordock, Inc. ("Nordock") filed a Civil Local Rule 7(h) expedited non-dispositive motion to compel the production of the Richard F. Bero ("Bero") report with post-October 2011 profit information and production of timely requested financial records. (ECF No. 125.)

Systems opposes the motion stating that all financial records relied on by Bero, one of its experts, were produced to Nordock months ago. However, Systems does not address its continuing obligations to supplement material provided through discovery.

On October 5, 2012, the Court ordered Systems to provide information regarding profits from its sales of infringing LMP, LHP, LMD, and LHD dock levelers. (ECF No. 77.) Under Rule 26(e) of the Federal Rules of Civil Procedure, Systems has a continuing duty to supplement its response by producing any additional information that falls within that category. Therefore, that portion of Nordock's motion is granted.

On November 16, 2012, the parties filed a request for a case management conference to provide guidance in the wake of the October 5, 2012, Decision and Order. (ECF No. 96.) In response, the Court issued a November 21, 2012, Decision and Order stating, in pertinent part, that if Bero "considered the information on Systems' computer in preparing his expert report, such financial/profit data should have been included in the report and must be produced by Systems." *Se*e Fed. R. Civ. P. 26(a)(2)(B)(ii) (the report must contain facts or data considered by the witness in forming [the opinions]). (ECF No. 97.) (*See also* Court's Oct. 5, 2012, Decision, 17, 19.)

Nordock now informs that Court that Systems offered to allow Nordock to inspect its financial documents between October 12, and October 19, 2012, as they were kept in the ordinary course of business. (Nordock's [sic] Supplemental Resp. Nordock's Requests for Production Nos. 23-28.) (ECF No. 125-4.) After Systems made that offer, it was incumbent upon Nordock to accept the offer and inspect the documents or, if that offer was unacceptable, to engage in timely communications with Systems to modify the offered arrangements. And, if that failed, Nordock was then to engage in good faith efforts to resolve the discovery dispute. If that effort failed, Nordock's recourse was to file a motion.

Rather than pursing the issue when it arose in October 2012, Nordock dropped the issue. Nordock did not raise the issue again until late January 2013. Under these circumstances, Nordock's February 14, 2013, motion filed little more than a month before trial is too late and is, therefore, denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Nordock's Civil Local Rule 7(h) expedited non-dispositive motion to compel (ECF No. 125) is **GRANTED** with respect to the supplementation of timely requested financial records and **DENIED** with respect to production of Bero report with post-October 2011 profit information.

Dated at Milwaukee, Wisconsin this 19th day of February, 2013.

BY THE COURT

_____
Hon. Rudolph T. Randa
U.S. District Judge