# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

NORDOCK, INC.

      Plaintiff,

v.                                           Case No. 11-C-118

SYSTEMS, INC.,

      Defendant.

---

## JURY INSTRUCTIONS

---

**Proposed Model Jury Instructions**
**The Use of Electronic Technology to Conduct Research on**
**or Communicate about a Case**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

2

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

3

**NO INFERENCE FROM JUDGE'S QUESTIONS**

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

## JUDGE'S COMMENTS TO LAWYER

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case the parties are corporations. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

Case 2:11-cv-00118-RTR   Filed 03/25/13   Page 6 of 57   Document 166

## EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, stipulations, and anything the Court has taken judicial notice of.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of depositions and/or video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

## DEPOSITION AS SUBSTANTIVE EVIDENCE

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Case 2:11-cv-00118-RTR   Filed 03/25/13   Page 9 of 57   Document 166

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. You may request, however, that the court read back to you selected testimony.

**CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## EVIDENCE FOR LIMITED PURPOSE

Some evidence will be admitted for a limited purpose only. When I instruct you that an item of evidence will be admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

16

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

18

## EXPERT WITNESSES

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Case 2:11-cv-00118-RTR   Filed 03/25/13   Page 19 of 57   Document 166

## DEMONSTRATIVE EXHIBITS

Certain demonstrative exhibits have been shown to you to clarify or illustrate testimony in this case. Those demonstrative exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

## BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:  When you have considered all the evidence in the case, you must be persuaded that it is more probably true that not true.

## BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means the evidence has persuaded you that the claim or defense is highly probable. Such evidence requires a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt. Again, you should base your decision on all of the evidence, regardless of which party presented it.

Case 2:11-cv-00118-RTR   Filed 03/25/13   Page 22 of 57   Document 166

# CONTENTIONS OF THE PARTIES

Nordock contends that Systems has made, used, offered to sell, and/or sold a product in the United States that infringes the claim of the '754 Design Patent. Nordock seeks damages sufficient to compensate it for Systems' infringement.

Nordock also contends that Systems' infringement was willful. Systems denies that it is infringing the claim of the '754 Design Patent. Systems further denies Nordock's willfulness contention. Systems also contends that the claim of the '754 Design Patent is invalid because any ornamentation on the '754 Design Patent is dictated by its function.

Invalidity is a defense to infringement. Therefore, even though the PTO examiner has allowed the claim of the '754 Design Patent, you, the jury, must decide whether the claim of the '754 Design Patent is invalid.

Systems bears the burden of proof by clear and convincing evidence that the claim of the '754 Design Patent is invalid. Based on the instructions I will give you, it will be your job to decide whether the claim of the '754 Design Patent has been infringed and whether the claim of the '754 Design Patent is invalid. If you decide that the claim of the '754 Design Patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Nordock as compensation for the infringement.

You will also need to decide whether the infringement was willful. If you decide that any infringement was willful, that decision should not affect any damage award you make. I will take willfulness into account later.

## SUMMARY OF PATENT ISSUES

I will now summarize the issues that you must decide and for which I will provide instructions to guide your deliberations. You must decide the following main issues:

1. Whether Nordock has proved that Systems infringed the '754 Design Patent.

2. Whether, if Nordock has proved infringement, the infringement was willful.

3. Whether Systems has proved that the '754 Design Patent is invalid.

4. What amount of damages, if any, Nordock has proved.

Case 2:11-cv-00118-RTR   Filed 03/25/13   Page 24 of 57   Document 166

## CLAIM CONSTRUCTION – GENERALLY

Before you decide whether Systems has infringed Nordock's patent or whether Nordock's patent is invalid, you will have to understand the design patent claim.

The design patent claim states that it covers the design "as shown and described." The figure drawings are intended to define the boundaries of the claimed design. A design patent can only have one claim.

Case 2:11-cv-00118-RTR   Filed 03/25/13   Page 25 of 57   Document 166

## CLAIM CONSTRUCTION FOR THE CASE

It is my job as Judge to provide to you the meaning of the claim of the asserted design patent. You must accept the meaning that I give you and use it when you decide whether the design patent has been infringed and whether the design patent is invalid.

The scope of the claim encompasses the design's visual appearance as a whole and in particular the visual impression it creates. It does not cover any broad general design concept.

Taking into account all figures in the patent, you must consider all of the visual features of the '754 Design Patent as a whole and not merely isolated portions or individual features of the claimed design. All matter depicted in solid lines contributes to the overall appearance of the design. Any features shown in broken lines in the drawings of the '754 Design Patent and described in the specification as disclaimed are excluded from the claimed design. Failure to show features in broken lines signals inclusion of such features in the claimed design.

The various features of the overall appearance of the design may perform a function – that is the nature of an article of manufacture for which this design patent has been granted. If such functional features are illustrated in solid lines, they are part of the claimed design based on how they contribute to the overall visual appearance.

The Court has construed the scope of the claim of the '754 Design Patent as follows: The '754 Design Patent claims the ornamental design of a lip and hinge plate for a dock leveler as shown in Figures 1-7. The broken lines constitute unclaimed subject matter and form no part of the claimed design. The ornamental design of the lip and

hinge plate as shown and described in the '754 Design Patent includes nine pairs of tear-drop shaped lugs, attached to the header plate and lip to form the hinge, and the pin that is threaded between the lug pairs. The shape of the lug attached to the header plate is not identical to that attached to the lip, and is elongated as shown in Figures 6 and 7 to close the gap between it and the deck.

## DESIGN PATENT—INFRINGEMENT GENERALLY

I will now instruct you as to the rules you must follow when deciding whether Nordock has proven that Systems has directly infringed the '754 Design Patent.

Patent law gives the owner of a valid design patent the right to exclude others from importing, making, using, offering to sell, or selling the patented designs within the United States during the term of the patent. Any person or company that has engaged in any of those acts without the design patent owner's permission infringes the patent.

You have heard evidence about both Nordock's commercial INDUSTRIAL, DUAL DUTY, AIRDOCK, HEAVY DUTY and COLDSTORAGE levelers and Systems accused LMP, LHP, LMD and LHD levelers. However, unless I have instructed you otherwise, in deciding the issue of infringement you may not compare Systems ' accused LMP, LHP, LMD and LHD levelers to Nordock's commercial INDUSTRIAL, DUAL DUTY, AIRDOCK, HEAVY DUTY and COLDSTORAGE levelers. Rather, you must compare Systems' accused LMP, LHP, LMD and LHD levelers to the '754 Design Patent when making your decision regarding infringement.

In deciding whether a sale has taken place "within the United States," you may find the following guidelines helpful to your analysis: The location of the sale depends on many factors, and you may find that the sale occurred in several places. A sale occurs wherever the "essential activities" of the sale take place. The essential activities include, for example, negotiating the contract and performing obligations under the contract. Nordock bears the burden of proving by a preponderance of the evidence that each of Systems' accused products infringes 'the 754 Design Patent. Therefore, you, the jury,

must determine infringement considering each individual product separately.

## DIRECT INFRINGEMENT – KNOWLEDGE OF PATENT OR INTENT TO INFRINGE IS IMMATERIAL

In this case, Nordock asserts that Systems has directly infringed the patent. Systems would be liable for directly infringing Nordock's patent if you find that Nordock has proven that it is more likely than not that Systems has made, used, offered to sell, or sold the design defined Nordock's patent. This standard of proof is called the "preponderance of evidence."

Someone can directly infringe a patent without knowing that what they are doing is an infringement of the patent. They also may directly infringe a patent even though they believe in good faith that what they are doing is not an infringement of any patent.

# DIRECT INFRINGEMENT

To determine infringement, you must compare the overall appearances of the accused design and the claimed design (using my instructions as to the meaning of the claimed design). Before conducting your infringement analysis, you must familiarize yourself with all of the prior art designs that have been brought to your attention in this litigation. In view of this prior art, if you find that, by a preponderance of evidence, the overall appearance of the accused design is substantially the same as the overall appearance of the claimed design, then you must find that the accused design infringes the design patent. You do not need to find, however, that any consumer was actually confused. In conducting this analysis, keep in mind that minor differences between the patented and accused designs should not prevent a finding of infringement. In weighing your decision, you should consider any perceived similarities or differences.

When evaluating designs, be it the claimed design, accused design, and prior art designs, you should always focus on the overall appearance of a design, and not individual features. You should consider and weigh any perceived similarities and differences.

In conducting your analysis, you may find the following guidelines helpful:

1. When the claimed design is visually close to the prior art designs, small differences between the accused design and the claimed design may be important to your analysis as to whether the overall appearance of the accused design is substantially the same as the overall appearance of claimed design.

Case 2:11-cv-00118-RTR   Filed 03/25/13   Page 31 of 57   Document 166

2.      If the accused design includes a particular feature of the claimed design that departs conspicuously from the prior art, you may find the inclusion of that feature important to your analysis as to whether the overall appearance of the accused design is substantially the same as the overall appearance of claimed design.

3.      If the accused design is visually closer to the claimed design than it is to the closest prior art, you may find this comparison important to your analysis as to whether the overall appearance of the accused design is substantially the same as the overall appearance of claimed design.

While these guidelines may be help to your analysis, please keep in mind that the sole test for infringement is whether you believe that the overall appearance of the accused design is substantially the same as the overall appearance of the claimed design. If you find that the accused design is substantially the same, then you must find that the accused design infringes the design patent.

## DESIGN PATENT DIRECT INFRINGEMENT—COMPARISONS

In deciding the issue of infringement you must compare the front end design of Systems' accused products to the claimed design of the '754 Design Patent. In addition, you have heard evidence about certain Nordock products and models. If you determine that any of Nordock's products or models are substantially the same as the design claimed by Nordock's '754 Design Patent, and that the product or model has no significant distinctions with the claimed design, you may compare the front end design of the Nordock product or model directly to the front end design of the accused Systems products. This may facilitate your determination of whether the accused products infringe Nordock's '754 Design Patent. If you determine that a particular Nordock product or model does not embody the claimed design of the '754 Design Patent, you may not compare it to the accused Systems product.

Case 2:11-cv-00118-RTR   Filed 03/25/13   Page 33 of 57   Document 166

**DESIGN PATENTS—INVALIDITY—LACK OF ORNAMENTALITY**

Design patents protect the ornamental appearance, including shape or configuration, of an article of manufacture. If Systems proves by clear and convincing evidence that the overall appearance of the Nordock '754 Design Patent is dictated by how the article claimed in the patent works, the patent is invalid because the design is not "ornamental." In other words, the inventor did not "design" anything because in order to achieve the function of the design, it had to be designed that way.

When deciding this, you should keep in mind that design patents must be for articles of manufacture, which by definition have inherent functional characteristics. It is normal that claimed designs perform some function – that does not disqualify them from patent protection.

In determining whether a design is dictated by functionality, you may consider whether the protected design represents the best design; whether alternative designs would adversely affect the utility of the specified article; whether there are any concomitant utility patents; whether the advertising touts particular features of the design as having specific utility; and whether there are any elements in the design or an overall appearance clearly not dictated by function.

When there are several other designs that achieve the function of an article of manufacture, the design of the article is more likely to serve a primarily ornamental purpose. However, this may not be true if the other designs adversely affect the cost or quality of the article.

Design patents protect the ornamental appearance of an article of manufacture. If the overall appearance of the patented design is dictated solely by how it works, the patent is invalid because the design is not "ornamental." In other words, the inventor did not "design" anything because in order to achieve the function of the design it had to be designed that way. It should be kept in mind that all design patents must be for articles of manufacture, which by definition are things that have inherent functional characteristics. It is normal and expected therefore that claimed designs perform some sort of function – that does not disqualify the design for design patent protection. The question is whether those general functional characteristics can only be embodied by the claimed design, or whether they can be embodied by other designs such that the claimed design is not the only way to perform those general functions. Thus, the existence of alternate designs that perform substantially the same function may be strong evidence that the design at issue is not dictated solely by function.

Additionally, it should also be kept in mind that the claimed design need not be aesthetically pleasing to be valid. In other words, an absence of artistic merit does not mean that the design is not patentable.

# WILLFUL INFRINGEMENT

Nordock asserts that Systems has willfully infringed Nordock's design. The issue of willful infringement is relevant to the amount of damages Nordock is entitled to recover in this lawsuit. However, if you decide that Systems willfully infringed the claim of Nordock's design patent, then it is my job to decide whether or not to award increased damages to Nordock. You should not take this factor into account in assessing the damages, if any, to be awarded to Nordock.

To prove willful infringement, Nordock must first persuade you, through clear and convincing evidence, that Systems was aware of Nordock's design patent, and that it is highly probable that Systems acted recklessly, or in other words, acted despite an objectively high likelihood that its actions constituted infringement of a valid design patent. Thus, the state of mind of Systems is not relative to this objective inquiry. Legitimate or credible defenses to infringement, even if ultimately not successful, demonstrate a lack of recklessness.

If the threshold objective standard is satisfied, Nordock must then persuade you that it is highly probable that this objectively-defined risk was either known or so obvious that it should have been know to Systems. To determine whether this objectively-defined risk was either known or so obvious that it should have been known to Systems, you should consider all the facts surrounding the alleged infringement including, but not limited to, the following:

1. Whether Systems acted in a manner consistent with the standards of commerce for its industry;

2. Whether Systems intentionally copied without a reasonable basis a product of Nordock covered by the claim of the '754 Design Patent as distinguished from trying to "design around" the patent by designing a product that Systems believed did not infringe those claims;

3. Whether Systems presented a substantial defense to infringement, including the defense that the patent is invalid or unenforceable; and

4. Whether Systems relied on competent legal advice.

## INVALIDITY CONTENTIONS OF THE PARTIES

Systems contends that the asserted design patent-in-suit is invalid or not enforceable. Systems must prove by clear and convincing evidence that the design patent is invalid. Thus, you must determine whether Nordock's design patent is invalid in this case. Systems contends that the asserted design patent is invalid for the following reasons:

The '754 Design Patent shows a dock leveler that is primarily functional and does not contain any protectable ornamentation. In other words, the ornamentation outlined in the '754 Design Patent is dictated by its function.

## DESIGN PATENT DAMAGES—BURDEN OF PROOF

I will instruct you about the measure of damages for infringement of Nordock's design patent. By instructing you on damages, I am not suggesting which party should win on any issue.

If you find that Systems infringed the '754 Design Patent, you must then determine the money damages to award Nordock. Nordock must prove damages by a preponderance of the eveidence. The amount of those damages must be adequate to compensate Nordock for the infringement. You should keep in mind that the damages you award are meant to compensate the patent holder and not to punish an infringer.

For design patents, Nordock can prove either actual damages, known as compensatory damages, or it may prove Systems' profits as its measure of potential recovery with respect to the sale of each unit of an infringing product. As compensatory damages, Nordock may prove either its own lost profits, or a reasonable royalty for the design patent. Nordock is not entitled to recover both compensatory damages and Systems' profits on the same sale.

Nordock has the burden to prove that Nordock's calculation of damages is correct by a preponderance of the evidence. When the parties dispute a matter concerning damages it is Nordock's burden to prove that it is more probable than not that Nordock's version is correct. While Nordock is not required to prove its damages with mathematical precision, it must prove them with reasonable certainty. Nordock is not entitled to damages that are remote or speculative.

39

**TWO TYPES OF DAMAGES – LOST PROFITS AND REASONABLE ROYALTY**

For design patents, Nordock can prove either actual damages, known as compensatory damages, or it may prove Systems' profits as its measure of potential recovery with respect to the sale of each unit of an infringing product. There are two types of compensatory damages that Nordock may be entitled to recover: lost profits or a reasonable royalty.

Lost profits consist of any actual reduction in business profits Nordock suffered as a result of Systems' alleged infringement of the '754 Design Patent. A reasonable royalty is defined as the amount a patent owner and someone wanting to use the patented design would agree upon as a fee for use of the design. I will describe shortly what Nordock must prove to recover both types of damages.

Nordock is entitled to recover no less than a reasonable royalty for each infringing sale, even if Nordock cannot prove that it suffered lost profits in connection with that sale.

At the same time, your damages determination must not include additional sums to punish Systems or to set an example. You may award compensatory damages only for the loss that Nordock proves was more likely than not caused by Systems' infringement.

**ADDITIONAL REMEDY FOR DESIGN PATENT INFRINGEMENT –
DEFENDANT'S PROFIT**

In this case, Nordock seeks Systems' profits from sales of products alleged to
infringe the '754 Design Patent. If you find infringement, and do not find the '754 Design
Patent is invalid, you are to award Nordock Systems' total profit attributable to the
infringement. Systems' "total profit" means the entire profit on the sale of the article to
which the patented design is applied, or with which it is used and not just the portion of
profit attributable to the design or ornamental aspects of the patent. "Total profit" does
not include profit attributable to other products that may be sold in association with an
infringing article embodying the patented design. A design patent owner can recover the
profit not only of the manufacturer or producer of an infringing article, but also of other
sellers in the chain of distribution.

Nordock is entitled to all profit earned by Systems that is attributable to the
infringement. Profit is determined by deducting certain expenses from gross revenue.
Gross revenue is all of Systems' receipts from using the design in the sale of the
infringing products. Nordock has the burden of proving Systems' gross revenue by a
preponderance of the evidence.

Expenses can include costs incurred in producing the gross revenue, such as the
cost of the goods. Other costs may be included as deductible expenses if they are directly
attributable to the sales of the infringing products resulting in a nexus between the
infringing products and the expense. Systems has the burden of proving the deductible
expenses and the portion of the profit attributable to factors other than use of the

41

infringed design by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of the infringing product is attributable to factors other than use of the infringed design, you shall find that the total profit is attributable to the infringement.

## DESIGN PATENT DAMAGES—LOST PROFITS

Nordock may alternatively recover compensatory damages in the form of lost profits. As previously explained, Nordock may not recover both Systems' profits and compensatory damages on each sale of an infringing product.

## LOST PROFITS

To recover lost profits, Nordock must prove two things:

1. A reasonable probability that, if Systems had not infringed, Nordock would have made additional sales of the patented product that Systems made.

2. The amount of profit Nordock would have made on those sales. Nordock does not need to prove this amount with precision, and if there are uncertainties regarding the specific amount of lost profits, you may resolve those uncertainties against Systems.

There are alternative ways for Nordock to establish an entitlement to recover lost profits. I will discuss these in the following instructions.

# LOST PROFITS—PANDUIT TEST

One way that Nordock may establish that it is reasonably probable that it would have made additional sales of the patented product by proving three things:

1. There was a demand for the patented product;

2. There was no acceptable, non-infringing substitute for the patented product; and

3. Nordock was capable of satisfying the demand.

An "acceptable, non-infringing substitute" is a product that has the advantages of the patented invention that were important to the purchasers of Systems' product. If purchasers of Systems' product were motivated to purchase that product because of features that were available only from that product and Nordock's patented product, then other products are not acceptable substitutes, even if they otherwise competed with Nordock's and System' products.

Case 2:11-cv-00118-RTR   Filed 03/25/13   Page 45 of 57   Document 166

## LOST PROFTIS—COLLATERAL SALES

Nordock contends that the patented product is normally sold along with other collateral products. To recover lost profits for such collateral sales, Nordock must prove two things:

1. It is reasonably probable that Nordock would have sold the collateral products if the defendant had not infringed; and

2. The collateral products function together with the patented product as a functional unit. Nordock may not recover lost profits on other products or services that might be sold along with the patented product for convenience or business advantage, but that are not functionally part of the patented product.

Case 2:11-cv-00118-RTR   Filed 03/25/13   Page 46 of 57   Document 166

## LOST PROFITS—PRICE EROSION/COST INCREASES

Nordock  also contends that it will lose profits because it will have to charge lower prices for its products because of Systems' infringement. To be recoverable, any such lost profits must have been reasonably foreseeable to Systems.

If Nordock proves this, it is entitled to recover the profits it lost as a result of its lowered prices, in addition to any profits it lost due to sales it did not make because of Systems' infringement.

Case 2:11-cv-00118-RTR   Filed 03/25/13   Page 47 of 57   Document 166

## LOST PROFITS—AMOUNT

If you conclude that Nordock has proved that it lost profits because of Systems' infringement, the lost profits that you award should be the amount that Nordock would have made on any sales that Nordock lost because of the infringement, minus the additional costs that Nordock would have incurred in making those sales, plus the amount by which Nordock's profits on its own sales were decreased as a result of reduced prices or increased costs caused by Systems' infringement.

Nordock is required to prove the amount of its lost profits to a reasonable probability and may not recover amounts that are speculative. However, mathematical certainty is not required.

# REASONABLE ROYALTY

Nordock seeks to recover a reasonable royalty.

Nordock is entitled to recover a reasonable royalty for any of Systems' infringing sales for which Nordock did not prove lost profits.

A royalty is a payment made to the owner of a patent by someone else so that he can make; use; or sell the patented invention. A "reasonable royalty" is the amount Nordock and Systems would have agreed upon as a royalty at the time Systems' infringement began.

In determining a reasonable royalty, you should assume that Nordock would have been willing to allow System to make; use; or sell the patented invention and that Systems would have been willing to pay Nordock to do so. You should take into account what Nordock's and Systems' expectations would have been if they had negotiated a royalty and had acted reasonably in their negotiations. You should assume that both Nordock and Systems would have believed that Nordock's design patent was valid and infringed. You should also assume that Systems would have been willing to pay, and Nordock would have been willing to accept, the reasonable royalty they negotiated. Your role is to determine what Nordock and Systems would have agreed upon if they had negotiated in this manner, not just what either Nordock or Systems would have preferred.

In determining a reasonable royalty, you may consider the following factors, in addition to any others that are shown by the evidence:

- Royalties that others paid to Nordock for the patented invention;

- Royalties that Systems paid to others for comparable patents;

- Whether Nordock had a policy of licensing or not licensing the patents;

- Whether Nordock and Systems are competitors;

- Whether use of the patented invention helps to make sales of other products or services;

- Whether the product made using the patent is commercially successful, as well as its profitability;

- The advantages of using the patented invention over products not covered by the patent;

- The extent of Systems' use of the patented invention and the value of that use to Systems;

- Any royalty amounts that are customary for similar or comparable patented inventions;

- The portion of the profit on sales that is due to the patented invention, as opposed to other factors, such as unpatented elements or processes, features, or improvements developed by Systems;

- Expert opinions regarding what would be a reasonable royalty.

## REQUIREMENT OF NOTICE (CLAIMS INVOLVING PRODUCTS)

Nordock can recover damages only for infringement that occurred after Nordock gave notice of its patent rights. Nordock must prove by a preponderance of the evidence that it gave notice.

There are two ways a patent holder can give notice of its patent rights.

The first way is to give notice to the public in general, by placing the word "patent" or the abbreviation "PAT." with the number of the patent on substantially all the products it sold that included the patented invention. This type of notice is effective from the date Nordock began to mark in this manner substantially all of its products that included the patented invention.

The second way to give notice of patent rights is by directly informing Systems that it is infringing a particular patent and identifying the infringing product. This type of notice is effective from the time it is given.

## TOTALING THE DAMAGE AWARD

Any amounts that you award for lost profits and for reasonable royalties should be set out separately on the verdict form that I will give you.

Case 2:11-cv-00118-RTR   Filed 03/25/13   Page 52 of 57   Document 166

# DUTY OF JURY

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you.

You will recall that you took an oath to do so. When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court staff, signed by your foreperson or by one or more

53

members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time.

You may continue your deliberations while waiting for the answers to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom. In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## SELECTION OF PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the bailiff, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.