# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NORDOCK INC.,**

    Plaintiff,

-vs-                            Case No. 11-C-118

**SYSTEMS INC.,**
doing business as PoweRamp,
doing business as DLM Inc.
doing business as McGuire,

    Defendant.

# DECISION AND ORDER

The Court of Appeals for the Federal Circuit has remanded this design patent infringement case for a new trial on damages. Defendant Systems Inc. filed a request (ECF No. 239) that these proceedings be stayed until the Supreme Court decided to whether to grant certiorari review in *Apple Inc. v. Samsung Electronics Co., Ltd.*, 786 F.3d 983, 1001-02 (Fed. Cir. 2015). Systems also indicated that it intended to file a petition for certiorari review in this case, and requested a stay until both petitions are resolved.

After Systems' request, the Supreme Court granted certiorari review on question two presented by the petition in *Samsung Electronics Co., Ltd., et al. v. Apple Inc.,* No. 15-777, 2016 WL 1078934 (Mem) (U.S. Mar. 21, 2016). That question is "[w]here a design patent is applied to only a component of a product, should an award of infringer's profits be limited to those profits

attributable to the component?" *See www.supremecourt.gov* (last visited Mar. 29, 2016). Systems also has a fully briefed petition for certiorari review by the Supreme Court. *See Systems, Inc., et al. v. Nordock, Inc.,* No. 15-978, 84 U.S.L.W. 3437 (filed Jan. 28, 2016).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936). The Court has discretion to stay a proceeding after considering and weighing the competing interests, including such things as the hardship or inequity that would be suffered by the parties or others if the litigation moves forward, the efficient use of judicial resources, the length of the anticipated delay and the complexity of the issues involved. *Id.* at 254-56.

To proceed with respect to the damages issue in this action prior to the Supreme Court's resolution of *Samsung* and/or Systems' petition for certiorari review could result in yet another appeal. The total profit question on which the Supreme Court has granted certiorari in *Samsung* is a key issue in this case. Although Nordock claims that Systems waived the issue, it would be a waste of resources to impanel a jury to decide 35 U.S.C. § 289 damages when the Supreme Court is poised to decide the scope of damages under that statute. Systems also states that whatever the Supreme Court's decision, the

finality of the action will most likely result in a settlement of this matter without need for retrial.

In terms of prejudice, Nordock makes the conclusory claim that it is losing managerial resources and incurring expenses in dealing with this case. Accepting Nordock's claim, retrial of the damages issue prior to the Supreme Court's resolution of Systems' petition for review and *Samsung* could increase Nordock's loss of managerial resources and expenses by a subsequent appeal from that determination. The Supreme Court's decisions may also expedite the ultimate resolution of this action.

Having considered and balanced the interests of the litigants, counsel and the Court, this action is **STAYED** until further order of the Court. The parties **MUST FILE** written notification within a week of the Supreme Court's decision on Systems' petition for certiorari review, and of its decision in *Samsung Electronics Co., Ltd., et al. v. Apple Inc.,* No. 15-777.

**SO ORDERED** at Milwaukee, Wisconsin, this 29th day of March, 2016.

BY THE COURT:

*Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**