# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NORDOCK, INC.,**

      **Plaintiff,**

      v.                                        Case No. 11-CV-118

**SYSTEMS, INC.,**

      **Defendant.**

## ORDER

The Court of Appeals for the Federal Circuit remanded this action for a new trial regarding damages. *Nordock, Inc. v. Sys., Inc.*, 681 F. App'x 965 (Fed. Cir. 2017). The retrial will require the finder of fact to determine what the "article of manufacture" is in light of the Supreme Court's decision in *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 196 L.Ed.2d 363 (2016). The court articulated the factors relevant to that determination. *Nordock, Inc. v. Sys., Inc.*, No. 11-CV-118, 2017 U.S. Dist. LEXIS 192413 (E.D. Wis. Nov. 21, 2017). Nordock Inc. now requests leave to serve 20 additional interrogatories and conduct ten additional depositions "to develop the record regarding the relevant article of manufacture, quantity of infringing levelers sold, and Defendant's profits on its infringing levelers or a component of the infringing levelers." (ECF No. 279 at 2-3.)

Systems opposes the motion, calling it "premature" and noting that it "*has already provided* its relevant sales and financial records pertaining to the number of the subject 'hydraulic' dock levelers Systems sold in the relevant period between issuance of the subject patent on November 4, 2008 and trial in March, 2013." (ECF No. 280 at 1 (emphasis in original).) It says that it ceased selling the infringing product immediately after receiving the jury's verdict. (ECF No. 280 at 2.)

Ordinarily, a party is limited to 25 interrogatories and 10 depositions. Fed. R. Civ. P. 30, 33. The court may authorize additional interrogatories and depositions "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2) and 33(a)(1). A party is not permitted additional interrogatories or depositions if they would be "unreasonably cumulative or duplicative or [the information] can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). The court likewise will deny leave for additional discovery if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action" or the information sought is not relevant to a party's claim or is disproportionate to the case. Fed. R. Civ. P. 26(b)(1), (2)(C)(ii)-(iii).

Nordock says that before the first trial it served 20 interrogatories (five fewer than permitted by Rule 30) and conducted eight depositions (two fewer than permitted by Rule 33). (ECF No. 279 at 1.) Some courts have required parties seeking additional depositions or interrogatories to first exhaust available discovery and then support the

motion with a "'particularized showing' of necessity" of each additional interrogatory or deposition. *Illiana Surgery & Med. Ctr. LLC v. Hartford Fire Ins. Co.*, 2008 U.S. Dist. LEXIS 97770, *6 (citing *Duncan v. Paragon Publ'g, Inc.*, 204 F.R.D. 127, 128 (S.D. Ind. 2001)); *see also Scott v. City of Sioux City, Iowa*, 298 F.R.D. 400, 402 (N.D. Iowa 2014). Moreover, it is helpful if the moving party identifies the proposed additional deponent(s) and presents the proposed additional interrogatories, explaining why each is necessary. *See* § 2168.1 Number of Interrogatories, 8B Fed. Prac. & Proc. Civ. § 2168.1 (3d ed.).

Nordock contends that the retrial of damages requires discovery on the "article of manufacture" issue. The court agrees. The Supreme Court's decision in *Samsung* represented a significant shift in the law regarding damages under 35 U.S.C. § 289. Therefore, it is plausible, if not likely, that Nordock's initial discovery would not have encompassed the matters that will be most relevant at the retrial. The parties even seemed to acknowledge as much when they agreed during the November 29, 2017 telephonic scheduling conference that additional discovery was necessary. (ECF No. 271.)

But it does not follow from the fact that additional discovery is needed on the "article of manufacture" issue and sales related to that article that Nordock needs essentially the full allotment of depositions and interrogatories authorized under the Rules. "Responding to interrogatories is 'inherently expensive and burdensome.'"

3

*Duncan v. Paragon Publ'g, Inc.*, 204 F.R.D. 127, 128 (S.D. Ind. 2001) (quoting *Herdlein Technologies, Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 105 (W.D.N.C. 1993)). The same can be said about depositions.

The court acknowledges that further discovery is necessary but finds that Nordock has failed to show that a basis exists for permitting it to exceed the number of interrogatories and depositions authorized under the Federal Rules. According to its motion, Nordock still has two depositions and five interrogatories unused. It does not even attempt to explain why the remaining discovery is not enough to get the information it needs on the damages issue to be tried in the new trial. Having failed to demonstrate that two depositions and five interrogatories are insufficient, Nordock's motion is denied.

If the allotted discovery proves insufficient, Nordock may again seek relief from the court, but it must support its motion with a particularized showing. *See Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, 187 F.R.D. 578, 586 (D. Minn. 1999). With respect to depositions, this generally will require that Nordock identify the proposed deponent, articulating the relevant information it seeks from that person, and explaining why it was unable to obtain it through other means. *See, e.g.*, *San Francisco Health Plan v. McKesson Corp.*, 264 F.R.D. 20, 21 (D. Mass. 2010). With respect to interrogatories, generally a motion should be supported by the proposed interrogatories and an explanation as to why the interrogatories are necessary.

**IT IS THEREFORE ORDERED** that Nordock Inc.'s Motion for Leave to Expand the Number of Interrogatories and Depositions (ECF No. 279) is **denied**.

Dated at Milwaukee, Wisconsin this 28th day of February, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge